UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MINISTER RA MAA NU AMEN BEY,
and MICHELLE JOSEPH
      Plaintiffs,
  v.

CIVIL NO. 2:13-cv-0506(NLH)

COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, et al.,
      Defendants.

OPINION

Appearances:

MINISTER RA MAA NU AMEN BEY
229-19 MERRICK BOULEVARD, #207
LAURELTON, NY
And
MICHELLE JOSEPH
105 WEST WALNUT LANE
PHILADELPHIA, PA

*Pro Se Plaintiffs*

A. TAYLOR WILLIAMS
ADMINISTRATIVE OFFICE OF PA COURTS
1515 MARKET ST, STE 1414
PHILADELPHIA, PA 19102

*Attorney for defendant Court of Common Pleas of Philadelphia County, Respondents Hon. Paul P. Panapinto and Hon. Leon W. Tucker*

DAVID B FEIN
KML LAW GROUP PC
701 MARKET ST STE 5000
MELLON INDEPENDENCE CTR
PHILADELPHIA, PA 19106-1532

*Attorney For Movants KML Law Group, P.C., Gary E. Mccafferty, Michael T. Mckeever, David Fein, Jill Jenkins, and Alyk Oslazian*[1]

---

[1] The docket for the U.S.D.C. for the Eastern District of Pennsylvania lists the Court of Common Pleas of Philadelphia County as "defendant," the Honorable Paul P. Panapinto and

**HILLMAN, District Judge**

Before the Court is defendants' unopposed motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). For the reasons set forth below, the motion will be granted.

I.   **BACKGROUND**

On January 29, 2013, plaintiffs filed a "writ of mandamus"[2] and "emergency petition for temporary injunctive relief from sheriff's sale," naming as defendants the Court of Common Pleas of Philadelphia County ("Philadelphia CCP"), Leon Tucker and Paul P. Panepinto. The "writ" relies on the "Treaty of Peace and Friendship of 1836 A.D." between Morocco and the United States and states that plaintiffs are "Aboriginal Indigenous

---

Honorable Leon W. Tucker as "respondents" and the remaining defensive parties as "movants." This Court retains these designations for ease of reference, but collectively refers to them as "defendants."

[2] Technically, the writ of mandamus has been abolished. See Fed.R.Civ.P. 81(b) ("The writs of scire facias and mandamus are abolished."); Gregris v. Edberg, 645 F.Supp. 1153, 1156 (W.D.Pa. 1986) ("Thus it is that a writ of mandamus does not exist in the district court jurisdiction."). However, "[r]elief previously available through [a writ of mandamus] may be obtained by appropriate action or motion under these rules." Rule 81(b). As plaintiffs also seek injunctive relief, the Court will view plaintiffs' request for a writ of mandamus as a further request for injunctive relief. See Stehney v. Perry, 907 F.Supp. 806, 820 n. 2 (D.N.J. 1995); 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3134 (2d ed. 2013) ("the writ as such is abolished but not the relief that the writ previously had been used to obtain"). The Court will also liberally construe plaintiffs' allegations. See e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Moorish-Americans." Plaintiffs state that they are petitioning this Court "… to issue a Writ of Mandamus to order Magistrate's (sic) Leon Tucker and/or Paul P. Panepinto to produce their oath of office with surety bond and enforce the Default Judgment as of March 12, 2012 and December 31, 2012 as the Writ of Discovery served on or about December 8, 2011 and again November 21, 2012, respectively, were not honored."

It appears that a complaint in mortgage foreclosure had been filed previously by Fannie Mae against plaintiff Michelle Joseph in the Philadelphia CCP, <u>Fannie Mae v. Michelle Joseph</u>, Docket no. 110303565, (plaintiff Bey was not a party). Judgment was entered in favor of Fannie Mae on August 17, 2012, and a sheriff's sale was scheduled on Joseph's property.[3] On January

---

[3] The Court takes judicial notice of the civil docket report of the Philadelphia CCP. See <u>Prater v. City of Philadelphia</u>, No. 12-4259, 2013 WL 5530521, at *2 n. 6 (3d Cir. Oct. 8, 2013) (taking judicial notice of Philadelphia CCP docket). The Philadelphia CCP docket also notes that on October 17, 2013, plaintiff filed an appeal to the "Supreme Court." It may be that plaintiffs realized their error in filing in federal court and now are pursuing an appeal through the state court system. See <u>generally</u> <u>Reiter v. Washington Mut. Bank</u>, 455 Fed.Appx. 188, 190 (3d Cir. 2011) (agreeing with the District Court that it lacked subject matter jurisdiction inasmuch as plaintiff's claims invited federal court review of an adverse state court judgment; but, acknowledging the plaintiff's apparent confusion over how to properly litigate his challenges to the state court judgment and noting that if he "… wanted federal court review of the state court judgment in his mortgage foreclosure proceedings, he should have traveled the following course: an appeal as of right to the Superior Court of Pennsylvania, followed—if relief was denied at that intermediate stage—by

3

29, 2013, plaintiffs filed for injunctive relief in the federal courts seeking to stay the sheriff sale of Joseph's property scheduled for February 5, 2013. The sheriff's sale was then rescheduled to April 2, 2013. On March 19, 2013, plaintiffs filed an "amended writ of mandamus" and "amended emergency petition for temporary injunctive relief from sheriff's sale," and added KML Law Group, P.C., Gary E. McCafferty, Michael T. McKeever, David Fein, Jill Jenkins and Alyk Oflazian ("movants"). The movants are a law firm and some of its attorneys who represented a lender in the Philadelphia CCP action. The amended briefs do not substantively alter plaintiffs' request for injunctive relief.

Defendants seek to have this action dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Because this action is barred under the Rooker-Feldman doctrine, this action will be dimissed.

## II. JURISDICTION

### A. Fed.R.Civ.P. 12(b)(1)

"Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the

---

requests for discretionary review from the Pennsylvania and United States Supreme Courts.").

4

merits.'" Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 191 n. 4 (3d Cir. 2011) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B. Rooker-Feldman

This case must be dismissed pursuant to the Rooker-Feldman Doctrine. Once a state court proceeding has concluded, the Rooker-Feldman abstention doctrine applies when the relief requested in the federal court would effectively reverse a state court decision or void its ruling. See Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 193 (3d Cir. 2006) (citation omitted). The application of the Rooker-Feldman doctrine is necessarily limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, the plaintiffs are asking this Court to enter an Order to stay a sheriff's sale of Joseph's property which had been authorized as a result of a judgment entered in a mortgage foreclosure action filed in the Philadelphia CCP. Such an Order for injunctive relief would directly reverse a final state court decision and void its ruling. Thus, this action is barred by the Rooker-Feldman doctrine.[4]

### III. CONCLUSION

For the foregoing reasons, this case shall be dismissed.

s/Noel L. Hillman<br>
NOEL L. HILLMAN, U.S.D.J.[5]

At Camden, New Jersey

---

[4] Even if this Court did not dismiss this case, plaintiff Bey has no standing to file for injunctive relief since he was not a party to the Philadelphia CCP action. Likewise, since the sheriff sale occurred prior to the time that this matter was reassigned to this Court on May 8, 2013, the requested relief would be moot.

[5] This matter was reassigned to the Honorable Noel L. Hillman, U.S.D.J. for the District of New Jersey, by the Honorable Theodore McKee, Chief Judge, U.S.C.A. for the Third Circuit.